UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---------------------------------------X

EL DIVINE STARKIM ALLAH-EL,

               Plaintiff,         07 Civ. 9474

   -against-                   OPINION

LONG ISLAND COLLEGE HOSPITAL,

               Defendant.

---------------------------------------X

A P P E A R A N C E S:

    PRO SE

    EL DIVINE STARKIM ALLAH-EL
    1571 Undercliff Avenue, #220
    Bronx, New York 10452


    ATTORNEYS FOR DEFENDANT

    EDWARDS ANGELL PALMER & DODGE LLP
    750 Lexington Avenue
    New York, NY 10022
    By:  Rory J. McEvoy, Esq.
         Shari A. Alexander, Esq.

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 9/8/08

**Sweet, D.J.**

The defendant, Long Island College Hospital (the "Hospital" or the "Defendant") has moved under Rule 12, Fed. R. Civ. P. to dismiss the complaint of plaintiff El Divine Starkim Allah-El, pro se ("Allah-El" or the "Plaintiff") alleging discrimination. As set forth below, the motion of the Hospital is granted, and the complaint is dismissed.

**Prior Proceedings**

On March 17, 2006, Allah-El filed a charge of employment discrimination with the Equal Employment Opportunity Commission ("EEOC"). On April 11, 2007, the EEOC dismissed Plaintiff's charge and issued him a Dismissal and Notice of Rights (the "Right-To-Sue Letter"), which stated that if Plaintiff intended to commence an action in federal court, the lawsuit "must be filed WITHIN 90 DAYS OF YOUR RECEIPT OF THIS NOTICE OR YOUR RIGHT TO SUE BASED ON THIS CHARGE WILL BE LOST."

Allah-El alleges that he received the Right-To-Sue Letter on June 8, 2007. Although Plaintiff's Complaint is signed and dated September 13, 2007, it was not stamped "filed" by the Court until October 24, 2007.

1

The complaint alleges that Allah-El was discharged because he refused to remove his fez that he claims is the "national headdress and custom of the Moorish Nation of North America."

The instant motion was submitted on May 14, 2008.

**The Complaint Is Barred as Untimely**

Allah-El admittedly did not file his Complaint until ninety-seven days after the alleged receipt of his Right-To-Sue Letter. See Allah-El Aff. ¶ 3. He seeks to excuse the failure to file his Complaint within ninety days of his receipt of the Right-To-Sue Letter by claiming that holidays and weekends are excluded from the ninety-day period. Id. This position is simply incorrect. See Fed. R. Civ. P. 6; Stephen v. Salvation Army, No. 04 Civ. 1697 (KNF), 2006 WL 2788245, at *4 (S.D.N.Y. Sept. 26, 2006) (dismissing pro se complaint as untimely where plaintiff filed his complaint eighty business days after receipt of right-to-sue letter but more than ninety calendar days after receipt); Manley v. New York City Police Dep't, No. 05 Civ. 679 (FBLB), 2005 WL 2664220, at *4 (E.D.N.Y. Oct. 19, 2005) (dismissing pro se complaint as untimely where plaintiff argued

2

that he mistakenly thought he had ninety business days from receipt of right-to-sue letter in which to file complaint); Spira v. Ethical Culture Sch., 888 F. Supp. 601, 602 (S.D.N.Y. 1995) (dismissing pro se complaint where plaintiff filed suit 114 calendar days after receipt of right-to-sue letter, but less than 90 working days after that date).

**Conclusion**

"If a plaintiff does not file suit within 90 days of his or her receipt of the Right-To-Sue letter, the plaintiff's suit must be dismissed, save extraordinary circumstances." Id. Allah-El has failed to establish any extraordinary circumstances. The motion of the Hospital is therefore granted, and the complaint is dismissed as untimely.

It is so ordered.

New York, N.Y.
August 25, 2008

_____
ROBERT W. SWEET
U.S.D.J.